

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Huang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 908.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/908

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3521
_____

JIAN FEI HUANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A79-305-524)
Immigration Judge: R. K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
June 8, 2006

Before: AMBRO, FUENTES, and NYGAARD, Circuit Judges.

(Filed June 13, 2006)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Petitioner, Jian Fei Huang, a citizen of the People's Republic of China, petitions us

to review the decision of the Board of Immigration Appeals affirming the Immigration

Judge's order denying Huang's applications for asylum, withholding of removal and

relief under the United Nations Convention Against Torture. When the Board adopts and affirms the decision of the IJ, we review the underlying decision of the IJ. *See Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir. 2002). Because substantial evidence supports the IJ's determination that Huang failed to establish his eligibility for asylum[1], his petition for review will be denied.

**I**.

Huang fled China with the support of a Chinese human smuggling group and arrived in the United States in 2000. He allegedly paid the snakeheads the equivalent of $60,000 to smuggle him into the United States. He fraudulently entered this country using a passport issued in the name of another person given to him by the snakeheads, which they took away from him once he was within the United States. He was charged as

---

[1] Because Huang failed to sustain his burden to establish eligibility for asylum, he, *a fortiori*, failed to meet the higher burden for establishing eligibility for withholding of removal. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003) (discussing higher burden of proof to establish eligibility for withholding of removal). He also failed to establish that it was more likely than not that he would be tortured if removed to China, either by or with the acquiescence of the government. *See Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir. 2003) (observing that "torture is an **extreme** form of cruel and inhuman treatment.") (emphasis added)). We therefore discuss only the asylum issue.

However, we do not suggest that if an alien is ineligible for asylum or for withholding of removal, he is *automatically* ineligible for relief under CAT. A claim for relief under CAT is "analytically separate" from both asylum and withholding of removal under the INA. *Zubeda*, 333 F.3d at 476. An adverse credibility finding for the purposes of denying asylum and withholding of removal does not preclude an alien from establishing a claim for relief under CAT. *See id.* "[A] decision-maker must review claims for relief under . . . [CAT] and consider relevant country conditions even where adverse credibility determinations have precluded relief under the INA." *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003).

subject to removal because he possessed no valid entry documents.  In 2001, Huang submitted an application for asylum based on past persecution and his fear of future persecution because of his objections to and violations of China's population control policies.

At his removal proceedings, Huang was represented by counsel and conceded removability but sought the relief of asylum, withholding of removal and protection under CAT.  Following a hearing on the merits, the IJ denied Huang relief and ordered him deported.  Huang, through his counsel, appealed to the Board and filed a motion to remand for the consideration of previously unavailable evidence.  The Board denied Huang's motion to remand and affirmed the IJ's decision denying his applications for asylum, withholding of removal and relief under CAT.  This petition for review followed.

## II.

To establish eligibility for asylum, a person must establish that he is a refugee, which is defined as a person who is unable or unwilling to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); *see Fatin v. INS*, 12 F.3d 1233, 1238 (3d Cir. 1993).  We review the IJ's decision that Huang failed to establish his eligibility for asylum under the substantial evidence standard.  *See Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001).  The IJ's factual findings will be reversed only if "the evidence not only ***supports*** a contrary conclusion, but ***compels*** it."  *Id.* at 483-84 (emphasis added).

3

We conclude that the record supports the IJ's decision that Huang failed to establish his eligibility for asylum. Substantial evidence supports the conclusion that even if Huang's wife was, in fact, sterilized, he failed to persuasively establish that the procedure was involuntary. Although Huang's admission that neither he nor his wife desired to have more children is not conclusive proof that she voluntarily underwent the sterilization procedure, that testimony, when considered in conjunction with his wife's complete failure to mention that she was involuntarily sterilized in her statement to the IJ, coupled with the lack of any other persuasive evidence, compels the determination that Huang failed to establish that he either suffered past persecution or feared future persecution if returned to China. He is therefore ineligible for asylum.

### III.

Because Huang failed to establish that he suffered past persecution or possessed a fear of future persecution, he is ineligible for asylum. He, *a fortiori*, failed to meet the higher burden for establishing eligibility for withholding of removal. Substantial evidence further supports the IJ's denial of relief under CAT. Huang's petition for review will be denied, and the decision of the Board will be affirmed.